```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

S.S.(1), Individually and on Behalf of S.S.(2), a Minor,

                        Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                        Defendant.

23-CV-08913 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

On October 11, 2023, Plaintiff S.S.(1), individually and on behalf of S.S.(2), a minor child, brought this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), seeking an award of attorneys' fees and costs. Before the Court is the Report and Recommendation (Dkt. No. 55, the "R&R") of the Honorable Jennifer E. Willis, which recommends granting Plaintiffs' motion for attorneys' fees and costs in the reduced amount of $36,433.40, plus post-judgment interest. On February 7, 2025, Plaintiff filed objections to the R&R (Dkt. No. 56, the "Objections" or "Obj.").

For the reasons stated herein, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS the R&R in full.

## BACKGROUND

This decision assumes familiarity with the factual background and procedural history, which are summarized in the R&R. The facts relevant to Plaintiffs' objections are below.

### I. ADMINISTRATIVE PROCEEDINGS

On April 31, 2021, Plaintiffs requested a due process hearing, seeking an order directing Defendant ("DOE") to fund S.S.(2)'s tuition to Gersh Academy for the 2019-2020 and 2020-

1

2021 school years, and fund independent evaluations, assistive technology, and compensatory services. Dkt. No. 27 ("Joint 56.1 Statement of Facts") ¶ 9. On July 12, 2022, the parties appeared before an impartial hearing officer ("IHO") for a hearing on the merits of Plaintiffs' due process complaint. *Id.* ¶ 12. Plaintiffs presented three witnesses and 47 exhibits. *Id.* ¶¶ 13–15. DOE did not present a case but cross-examined one of Plaintiffs' witnesses. *See id.* ¶ 16. On July 18, 2022,[1] Plaintiffs submitted a twenty-one-page closing brief, and DOE did not submit a closing brief. *Id.* ¶¶ 17–19. On September 26, 2022, the IHO issued a decision in favor of Plaintiffs, including finding that S.S.(2) was denied a Free and Appropriate Public Education ("FAPE"). *See id.* ¶ 20; R&R at 5. It is uncontested that Plaintiffs are the prevailing party. R&R at 5.

## II. FEDERAL ACTION

On October 11, 2023, Plaintiffs initiated this action for attorneys' fees and costs. *See* Dkt. No. 1. On February 28, 2024, DOE made an offer of settlement of $20,800.00, which Plaintiffs rejected. *See* R&R at 3. On March 26, 2024, Plaintiffs moved for attorneys' fees. *See* Dkt. No. 20. On January 30, 2025, Judge Willis issued the R&R. On February 7, 2025, Plaintiffs filed their Objections. *See* Dkt. No. 56.

*First*, as to hourly rates, the R&R recommends hourly rates of $410 for Andrew and Michael Cuddy, $300 for Francesca Antorino, $200 for Benjamin Kopp, and $125 for all paralegal work. R&R at 9. Plaintiff generally objects to the R&R, arguing that the R&R applied "historical rates rather than looking at this matter individually" and failed to take into consideration two recent cases—*J.H. v. New York City Department of Education* and *E.L. v. New*

---

[1] Paragraph 17 of the Joint 56.1 Statement of Facts appears to have a typo, indicating that the closing brief deadline set by the IHO was July 18, 2023, not 2022.

*York City Department of Education*—when determining the reasonable hourly rates. Obj. at 2. Plaintiff also lodges specific objections to the rates recommended by the R&R:

- Andrew and Michael Cuddy: Plaintiff argues that Judge Willis did not provide any analysis supporting why Andrew and Michael Cuddy, with twenty-three and fifteen years of experience in IDEA matters, respectively, should "receive a rate $90-$140/hr lower than were awarded to attorneys in *E.L.* and *J.H.*" *See* Obj. at 3.

- Benjamin Kopp: Plaintiff argues that Judge Willis' recommended reduction to Mr. Kopp's rate is inappropriate in light of discretionary reductions already applied by the Cuddy Law Firm, noting that "Mr. Kopp is more senior than Ms. Antorino yet [Judge Willis recommends] award[ing] Mr. Kopp $100/hr less for his work." *See* Obj. at 3.

- Francesca Antorino: Plaintiff argues that Judge Willis does not indicate how she came to the recommended reduced rate for Ms. Antorino and does not justify why her rate "would be at the lowest end of the spectrum" set forth in *E.L.*, given Ms. Antorino's involvement in the special education legal community. *See* Obj. 3–4.

- Paralegals: Plaintiff argues that Judge Willis similarly failed to justify why the recommended reduced rate for paralegals was on the lowest end of the spectrum set forth in *J.H.*, given Ms. Cuddy, Ms. Reeve, Ms. O'Donnell, and Ms. Kinney-Angotti's qualifications. *See* Obj. at 4.

*Second*, as to the number of hours reasonably expended, Plaintiff generally objects to the recommended "20% reduction on both the administrative and federal court matters," based upon an erroneous application of the *Johnson* factors and the evidentiary record. *See* Obj. at 4. Specifically with respect to the hours expended in the administrative proceeding, Plaintiff analogizes the facts of this case to *J.H.*, and contends that the amount of preparation time spent

3

was not excessive because The Cuddy Law Firm "had to prepare as if the matter was contested and lay a record for both the impartial hearing officer to render a decision and lay the foundation should the matter go to appeal."  Obj. at 5.  Further, Plaintiff justifies the amount of time spent preparing the closing brief in order to "address[] the applicable law and the facts of the case together" and complying with the deadline set by the Impartial Hearing Officer.  Obj. at 5.

## DISCUSSION

### I.  STANDARD OF REVIEW

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (summary order).  A district court need only satisfy itself that "no clear error [is apparent] on the face of the record."  *See, e.g.*, *Candelaria v. Saul*, No. 18-cv-11261 (JMF), 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error."  *Espada v. Lee*, No. 13-cv-08408 (LGS), 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal references omitted).

## II.     REASONABLE HOURLY RATES

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. §§ 1415(i)(3)(B)–(C).  To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of N.Y.*, 934 F.3d 222, 230 (2d Cir. 2019).  "Such fees must be reasonable and based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240-cv, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022).  In determining an appropriate hourly rate, a court should consider, "all pertinent factors, including the *Johnson* factors." *Lilly*, 934 F.3d at 230 (discussing *Johnson v. Ga. Hwy. Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 228.  "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *A.G. v. N.Y.C. Dep't of Educ.*, No. 20-cv-07577 (LJL), 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021).  In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively."

*O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill*, 522 F.3d at 184). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B. v. N.Y.C. Dep't of Educ.*, No. 18-cv-07337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-cv-02417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

Plaintiff primarily relies on *J.H.* and *E.L.* in their objections to the reduced rates recommended by the R&R. These cases do not persuade the Court that the reduced rates recommended by the R&R are contrary to the prevailing market rates in similar IDEA cases or otherwise unjustified and unsupported by the evidentiary record in this action. For the reasons stated herein, the Court adopts the hourly rates recommended by the R&R of $410 for Andrew and Michael Cuddy, $300 for Francesca Antorino, $200 for Benjamin Kopp, and $125 for all paralegal work.

In *J.H.*, upon reviewing the *Johnson* factors, Judge Hellerstein found that the rates of the lawyers ($325–$550) and the paralegals ($125–$200) were "reasonably in line with market rates of those practicing in the area, giving regard to the special skill of Plaintiff's lawyers[,] [the Law Office of Benjamin J. Hinerfeld and Law Offices of Irina Roller, PLLC.]" No. 23-cv-04763 (AKH), 2024 WL 2330462, at*2 (S.D.N.Y. May 21, 2024). Plaintiff cites to Judge Hellerstein's reasoning in declining to impose lower rates, specifically that "inflation has taken hold, particularly of attorneys' fees, and it would be unfair to compensate work in th[at] case at the

lower rates set in previous cases[,] [as] [i]ncentivization requires more liberality." Obj. at 2 (citing *J.H.*, 2024 WL 2330462, at *2).

*J.H.* is factually dissimilar from this action. In *J.H.*, unlike here, "[t]he record show[ed] that the [Department of Education ("DOE")] resisted Plaintiff's FAPE claim at every stage, which entailed Plaintiff's counsel to prepare for and obtain complete relief at three hearings." 2024 WL 2330462, at *1. In connection with a reference to *Y.G. v. New York City Department of Education*, another case involving similarly heavily contested administrative proceedings, Judge Hellerstein's reference to fairly compensating *J.H.* counsel—taken out of context in Plaintiff's citation—was clearly based on the heavily contested nature of the multiple hearings before DOE.

Similarly, in *E.L.*, although the plaintiffs prevailed in two due process hearings before the DOE, Judge Subramanian held that the rates sought by the plaintiffs, $350–$550 for the attorneys and $185–$200 for the paralegals, were unreasonable. No. 23-cv-02560 (AS), 2024 WL 3887154, at *3 (Aug. 21, 2024). Judge Subramanian reasoned that the plaintiffs had not pointed to any particularly difficult or novel questions involved in the case to justify the rates sought, and there were inefficiencies in how the matter was conducted, such as work that was handled by the highest-paid attorneys that could have been done by more junior attorneys or paralegals. *Id.* Ultimately, Judge Subramanian held that hourly rates of $500 for the two most senior attorneys, $350-$450 for the other attorneys, and $150 for the paralegals were reasonable. *Id.* at *3–4.

As to Andrew and Michael Cuddy, the recommended $410 hourly rate does fall within the reasonable range determined in *J.H.*, contrary to what Plaintiffs state in their Objections. While the $410 hourly rate is shy of the $500 hourly rate determined for the two most senior

7

attorneys in *E.L.*, "[p]rior determinations, even for the same attorneys, are not binding, and [Plaintiffs] offer[] no compelling reason why the Court must adopt the same rates." *See M.D. v. N.Y.C. Dep't of Educ.*, 21-cv-09180 (LGS), 2023 WL 2557408, at *5 (S.D.N.Y. Mar. 17, 2023). As Judge Willis observed, Plaintiffs have not put forth any evidence that this case was unique or complex—the underlying administrative proceeding involved a single hearing in which DOE did not even present a case, but only cross-examined one witness. *See* R&R at 2, 8. Further, the recommended $410 hourly rate not only falls well within the prevailing market rate for special education law attorneys in this District, but numerous courts in this District have recently approved hourly rates for senior attorneys at the Cuddy Law Firm, including Andrew and Michael Cuddy, ranging from $400 to $425. *See D.S. v. N.Y.C. Dep't of Educ.*, No. 22-cv-10641 (GHW) (RFT), 2024 WL 2159785, at *7 (S.D.N.Y. Apr. 29, 2024), *report & recommendation adopted*, 2024 WL 2158583 (S.D.N.Y. May 14, 2024) (awarding A. Cuddy $400 per hour); *S.C. v. N.Y.C. Dep't of Educ.*, No. 23-cv-01266 (LGS) (JLC), 2024 WL 1447331, at *4–5 (S.D.N.Y. Apr. 2, 2024) (assigning a rate of $425 to A. Cuddy); *V.W. v. N.Y.C. Dep't of Educ.*, No. 21-cv-02159 (PGG) (KHP), 2023 WL 2609358, at *12 (S.D.N.Y. Mar. 23, 2023) (same); *M.D.*, 2023 WL 2557408, at *4–6 (S.D.N.Y. Mar. 17, 2023) (same); *S.B. v. N.Y.C. Dep't of Educ.*, No. 23-cv-03961 (PAE), 2024 WL 1406559, at *6 (S.D.N.Y. Apr. 2, 2024) (awarding A. Cuddy a rate of $400 per hour); *J.G. v. N.Y.C. Dep't of Educ.*, No. 23-cv-00959 (PAE), 2024 WL 728626, at *8 (S.D.N.Y. Feb. 22, 2024) (awarding M. Cuddy a rate of $400 per hour in a matter spanning two administrative proceedings); *S.H. v. N.Y.C. Dep't of Educ.*, 21-cv-04967 (LJL), 2022 WL 254070, at *6 (S.D.N.Y. Jan. 26, 2022) (assigning M. Cuddy a rate of $400 per hour). Accordingly, given the prevailing market rates for the Cuddy Law Firm and the balance of the

*Johnson* factors, the Court finds that a $410 hourly rate is reasonable to award Andrew and Michael Cuddy.

As to Francesca Antorino, and as noted by Plaintiffs, the recommended hourly rate of $300 falls within the range of prevailing market rates for the Cuddy Law Firm in IDEA cases, which is $225-$325 for associates. *See* Obj. at 3. Recently, in *K.K. v. New York City Department of Education*, Judge Furman adopted Judge Figueredo's recommendation to award an hourly rate of $200 to Ms. Antorino, who was then a junior associate. No. 23-cv-04430 (JMF) (VF), 2024 WL 4203783, at *8 (S.D.N.Y. Aug. 22, 2024), *report & recommendation adopted*, 2024 WL 4203251 (S.D.N.Y. Sept. 16, 2024). Ms. Antorino's involvement in the special education legal community seems to go hand-in-hand with the fact that Ms. Antorino is now a senior attorney, and the Court finds that the recommended hourly rate of $300 takes both of these aspects into account. Thus, given the prevailing market rates for the Cuddy Law Firm and the balance of the *Johnson* factors, the Court finds that a $300 hourly rate is reasonable to award Francesca Antorino.

As to Benjamin Kopp, Plaintiffs do not cite to any authority dictating that it is inappropriate or improper to further reduce Mr. Kopp's hourly rate on top of the discretionary reductions as to hours billed already applied by the Cuddy Law Firm. While Mr. Kopp is more senior than Ms. Antorino, as Judge Willis notes "the bulk, if not all, of [Mr.] Kopp's billing on this case consists of [internal] phone calls and notes." *See* R&R at 9; *see, e.g.*, Dkt. No. 46-3 at 10.[2] (listing two, separate 6-minute calls with Ms. Antorino regarding "communications with DOE and Court" and "case status" as well as "note[s] to file"). Contrary to Plaintiffs' assertion, the recommended hourly rate of $200 does not penalize counsel for "staffing multiple attorneys

---

[2] In reference to PDF pages.

9

on a case," *see* Obj. at 3, rather, the Court finds that the $200 hourly rate is reflective of the limited time and labor spent by Mr. Kopp on uncomplicated tasks, as opposed to Ms. Antorino's tasks which include more involved endeavors such as drafting filings, for a case that is not unique or complex in any particular way. Thus, given the balance of the *Johnson* factors, the Court finds that a $200 hourly rate is reasonable to award Benjamin Kopp.

Finally, as to the paralegals, Plaintiffs concede that the recommended hourly rate of $125 is within the range of prevailing market rates. Plaintiffs cite to no authority dictating that the Court must award a higher hourly rate on the basis of the qualifications of Ms. Cuddy, Ms. Reeve, Ms. O'Donnell, and Ms. Kinney-Angotti's. Thus, given the prevailing market rates for the Cuddy Law Firm and the balance of the *Johnson* factors, the Court finds that a $125 hourly rate is reasonable to award the paralegals.

### III.  HOURS EXPENDED

A fee award should reflect only those hours that were "usefully and reasonably expended" to achieve victory in the case. *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks omitted); *accord K.E. v. N.Y.C. Dep't of Educ.*, No. 21-cv-02815 (KPF), 2022 WL 4448655, at *13 (S.D.N.Y. Sept. 23, 2022). Courts may exercise discretion to determine the appropriate number of hours to reimburse, removing any billed hours that are "excessive, redundant, or otherwise unnecessary" in light of the litigation. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *accord N.A. v. N.Y.C. Dep't of Educ.*, No. 21-cv-02643 (PGG), 2022 WL 17581774, at *9 (S.D.N.Y. Dec. 12, 2022). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B.*, 2019 WL 3162177, at *5 (internal references omitted).

Plaintiffs generally object to the 20% reduction of their hours spent for the instant federal action. Upon reviewing the R&R and evidentiary record, the Court finds that there is no clear error apparent from the face of the record with respect to the application of a 20% reduction for hours spent in litigating the federal action.

With respect to the hours spent litigating the administrative proceedings, again, as discussed *supra*, Plaintiffs have not established that the prior determination in *E.L.* of reducing hours expended by 15% is binding upon the Court in this action. *See* 2024 WL 3887154, at *2. Indeed, in similar cases, many courts in this District have reduced the hours billed by the Cuddy Law Firm by 20% or more. *See D.S.*, 2024 WL 2159785, at *10–11 (recommending across-the-board 20% reduction to hours billed for administrative and federal proceedings among other specifically-identified reductions)*; S.C.*, 2024 WL 1447331, at *7–8 (recommending 20% reduction in requested hours for administrative proceedings and 25% for federal case since "CLF has once again excessively billed for boilerplate and/or recycled pleadings").

Plaintiffs' attempt to analogize this case to *J.H.* is unavailing, again, because, as noted in the R&R and above, this case is dissimilar to *J.H.*—a case where DOE contested the plaintiff's FAPE claim and the parties expended significant time and resources over the course of three contested administrative hearings. As Plaintiffs acknowledge in their Objections, the R&R expressly takes into consideration the fact that counsel "had no reason to expect the hearing to be uncontested and thus preparation is expected." R&R at 11. Such preparation reasonably includes "prepar[ing] as if the matter was contested and lay[ing] a record for both the impartial hearing officer to render a decision and lay[ing] the foundation should the matter go to appeal." *See* Obj. at 5. However, as the R&R notes, Plaintiffs have not justified their 18:1 prep-to-hearing ratio, especially given that other courts in this District have held that lower ratios are

11

unreasonably high. *See, e.g.*, *T.P. v. N.Y.C. Dep't of Educ.*, No. 22-cv-09413 (PAE), 2024 WL 986587 (S.D.N.Y. Mar. 7, 2024) ("Absent a non-conclusory explanation, a 'preparation-to-proceeding' ratio of nearly 10:1 is unreasonably high.").

Similarly, as the R&R notes, Plaintiffs have not justified the 12.7 hours they spent drafting a closing brief after DOE elected to not put on a case. R&R at 11. The issue is not that Plaintiffs submitted a closing brief, which Plaintiffs assert was necessary and directed by the impartial hearing officer. *See* Obj. at 5.[3] The issue is that Plaintiffs have continued to provide no explanation for why it took 12.7 hours to draft the closing brief, which was partially a copy-and-paste filing, or why the brief needed to be twenty-one pages long for a case that was essentially unopposed by DOE, save for one cross-examination of a witness, and that is not exceptional in any particular regard. *See* R&R at 11–12.

Accordingly, given the balance of the *Johnson* factors, the Court finds that a 20% reduction to the hours spent in both the administrative proceedings and federal action is reasonable.

---

[3] Although, of note, DOE did not submit a closing brief, further evidencing that the IHO did not "direct" the filing of closing briefs, but rather set a schedule for the filing of those briefs, if the parties' chose to file them.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections to the R&R and ADOPTS the R&R in full.  The Clerk of Court is respectfully directed to (1) terminate Dkt. No. 20; and (2) enter judgment in favor of Plaintiffs in the amount of $36,433.40, consisting of $23,208.80 in attorney's fees incurred in the underlying administrative proceeding, $12,638.00 in attorney's fees incurred in the instant federal action, $586.60 in costs, plus post-judgment interest; and (3) CLOSE the case.

Dated: March 6, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge